***This case was not selected for publication in the Federal Reporter***

Jesse CLAY, Appellant

v.

DISTRICT OF COLUMBIA and Angel M. Cartagena, Individually and in his Capacity as Chairman of the District of Columbia Public Service Commission, Appellees.

No. 05–7093.

United States Court of Appeals, District of Columbia Circuit.

Nov. 28, 2006.

Donald M. Temple, Law Office of Donald M. Temple, Washington, DC, for Appellant.

Edward Eugene Schwab, Deputy Attorney General, Mary T. Connelly, Assistant Attorney General, Todd Sunhwae Kim, Solicitor General, Robert James Spagnoletti, Attorney General, Washington, DC, for Appellees.

Before: GARLAND and BROWN, Circuit Judges, and WILLIAMS, Senior Circuit Judge.

***JUDGMENT***

PER CURIAM.

This appeal from a judgment of the United States District Court for the District of Columbia was presented to the court, and briefed and argued by counsel. The court has accorded the issues full consideration and has determined they do not warrant a published opinion. *See* D.C. CIR. R. 36(b). It is

ORDERED AND ADJUDGED that the District Court's order granting summary judgment to the appellees on the appellant's wrongful discharge claim be vacated, and that the case be remanded with instructions to dismiss the wrongful discharge claim for lack of jurisdiction.

Appellant Jesse Clay brought suit in the District Court against his former employer, the District of Columbia, and his former supervisor, Angel Cartagena. Clay asserted a claim under 42 U.S.C. § 1983, alleging the appellees had deprived him of his interest in job security without due process of law by converting his position to at-will status in August 2000, and challenged the constitutionality of the District law authorizing that conversion. Clay also sought recovery for wrongful discharge, arguing that under the District of Columbia's public policy exception to its at-will employment doctrine, his termination was improper, as it was based on his resistance in February 2002 to an instruction to perform what he considered an illegal act.

The appellees moved for summary judgment. Clay responded on the merits but also filed an affidavit pursuant to Federal Rule of Civil Procedure 56(f), asking the court to grant additional time for discovery. The District Court refused Clay's Rule 56(f) request and granted summary judgment for the appellees on each of Clay's claims. Clay appealed only the order granting summary judgment on his

wrongful discharge claim and the District Court's refusal of his Rule 56(f) request as it related to that claim.

Clay's wrongful discharge claim rests entirely on District of Columbia law, and there is no diversity of citizenship. Thus, the district court did not have subject matter jurisdiction under 28 U.S.C. § 1331 or § 1332. Nor can it be said that Clay's wrongful discharge claim is "so related to" his federal claims as to "form part of the same case or controversy under Article III of the United States Constitution," 28 U.S.C. § 1367(a). While Clay's federal and District law claims both generally relate to his employment with the District of Columbia, and while the resolution of Clay's federal claims could in some sense affect the legal context of his wrongful discharge claim, these connections do not satisfy the constitutional minimum. As pled, Clay's federal claims arise from an event wholly predating August 2000, and his wrongful discharge claim from a dispute in February 2002. Thus Clay's federal claims and his wrongful discharge claim do not "derive from a common nucleus of operative fact." *United Mine Workers v. Gibbs*, 383 U.S. 715, 725, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). Accordingly, the district court did not have jurisdiction over Clay's wrongful discharge claim.

Because the district court lacked jurisdiction over the wrongful discharge claim, we need not decide whether its refusal to grant the Rule 56(f) request was an abuse of discretion. For the reasons described above, we vacate the District Court's order granting summary judgment on Clay's wrongful discharge claim, and remand with instructions to dismiss that claim for lack of jurisdiction. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing

en banc. *See* FED. R. APP. P. 41(b); D.C. CIR. R. 41.